**Daniel Wayne COOK, Plaintiff—Appellant,**

v.

**Terry L. STEWART; et al., Defendants—Appellees.**

No. 05–15036.

United States Court of Appeals, Ninth Circuit.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted Dec. 5, 2005.*

Decided Dec. 12, 2005.

Daniel Wayne Cook, Florence, AZ, pro se.

Kristin A. Green, Esq., AGAZ–Office of the Arizona Attorney General (Tucson) Liability Management Section, Tucson, AZ, for Defendant–Appellee.

Before: GOODWIN, W. FLETCHER, FISHER, Circuit Judges.

## MEMORANDUM **

Arizona state prisoner Daniel Wayne Cook appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging violations of his right to due process in connection with the processing of his prison administrative grievances and cruel and unusual punishment in connection with the prison's failure to provide him with shoes in half-sizes. We have jurisdiction pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir.2001), we affirm. The district court properly determined that Cook failed to raise a genuine issue of material fact as to whether defendants denied him due process or access to courts by rejecting his successive and duplicative administrative grievances concerning the failure to process his health-needs requests seeking shoes in half sizes.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*Cf. Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995).

We do not consider the district court's dismissal of Cook's Eighth Amendment claims because he failed to provide any argument in support of that claim on appeal. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

AFFIRMED.